(86 South. 899)

## WILSON v. MONTGOMERY BANK & TRUST CO. (3 Div. 430.)

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Oct. 30, 1920.)

Fraud &⊃64(1)—Bank's fraud in sale of stock held for jury.

In an action against a bank for damages for fraud and deceit in the sale of stock of the bank made by its president, in that the bank had loaned money without security, *held*, that defendant was not entitled to the affirmative charge.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Albert F. Wilson against the Montgomery Bank & Trust Company. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

See, also, 203 Ala. 340, 83 South. 64.

W. A. Gunter, of Montgomery, for appellant.

Counsel insist that under the facts the defendant was not entitled to the affirmative

charge, but he cites no authority in support thereof.

Ball & Beckwith, of Montgomery, for appellee.

Counsel discuss the history of the case, and insist in argument that the court properly directed a verdict for the defendant.

BROWN, J. Action by appellant against appellee to recover damages for fraud and deceit alleged to have been perpetrated by defendant through its president, Lovejoy, in the sale of a number of shares of its capital stock.

On original consideration of the case we were of opinion that the defendant was entitled to the affirmative charge, stating as a reason therefor that the plaintiff had failed to offer any evidence sustaining the material averments of the complaint. However, on application for rehearing we have given further consideration to the case, and are now of the opinion that we were in error.

There was evidence tending to show that the plaintiff purchased from the defendant, through its president, Lovejoy, 20 shares of its capital stock, agreeing to pay therefor $97 per share and giving his notes for the purchase money, which were afterwards paid; that Lovejoy represented to the plaintiff at the time that the affairs of the bank were in first-class condition, that the stock was perfectly good, and that plaintiff relied upon these representations without knowledge of any facts showing or tending to show that the affairs of the bank were not in first-class condition. This transaction took place in January, 1910, and the evidence further shows that prior to this time the defendant had loaned to the Gulf Yellow Pine Lumber Company $100,000 on its personal obligation, without any security, and had likewise loaned the Bank of Geneva $25,000 without security. These amounts constituted one-half of the bank's capital stock; and, further, that these loans were outstanding and unpaid at the time of the transaction between plaintiff and defendant. There is also evidence tending to show that Lovejoy had notice of these loans, and of facts tending to show that they were of a doubtful character, and for this reason called Whitfield's attention to these loans, and Whitfield, who had been buying up stock in the bank previous to this time and who was one of its directors, then ceased to buy stock. It is further shown that the bank, at the instance of the State Banking Department, reduced its capital stock on account of these loans to $150,000; the reduction being the amount of these loans. Aside from this, there is some evidence tending to show that the parties to whom these loans were outstanding were insolvent, and that the bank

eventually sustained considerable loss by reason thereof.

While there was evidence tending to show that these loans constituted solvent credits and the condition of the bank was good, that its capital stock was above par, that it continued to pay dividends thereon, yet, on the whole evidence, we are now of the opinion that the defendant was not entitled to the affirmative charge, and the court committed reversible error in giving it. For this reason the judgment of affirmance heretofore entered will be set aside, and one here entered reversing the judgment of the circuit court and remanding the cause for a new trial.

Application for rehearing granted. Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN, J., not sitting.